**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MANUEL NDONGALA, | ) | |
| | ) | Case No. 1:26-cv-10194 |
| Petitioner, | ) | |
| v. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| DAVID T. WESLING, Acting Boston Field Office | ) | |
| Director, U.S. Immigrations and Customs | ) | |
| Enforcement, ANTONE MONIZ, Superintendent | ) | |
| of Plymouth County Correctional Facility, | ) | Agency No. 241-136-839 |
| TODD LYONS, Acting Director, U.S. | ) | |
| Immigrations and Customs Enforcement, | ) | |
| and KRISTI NOEM, U.S. Secretary | ) | |
| of Homeland Security, | ) | |
| | ) | |
| Respondents. | ) | |

**INTRODUCTION**

1.      Petitioner Manuel Ndongala ("Petitioner" or "Mr. Ndongala") is currently in the custody of the Department of Homeland Security ("DHS") at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

2.      Mr. Ndongala is a 46-year-old man from Angola. Mr. Ndongala's A number is 241-136-839.

3.      Mr. Ndongala entered the United States on or about April 7, 2023. Exhibit 1: Notice to Appear. He has remained in the United States continuously since that date. Upon entry, Mr. Ndongala was processed by immigration officials and issued an Order of Release on Recognizance under Immigration and Nationality Act ("INA") § 236, codified at 8 U.S.C. § 1226. Exhibit 2: Order of Release on Recognizance.

1

4.      Mr. Ndongala was recently arrested by federal agents and placed in the custody of U.S. Immigration and Customs Enforcement ("ICE") under their discretionary detention authority pursuant to 8 U.S.C. § 1226. Upon information and belief, Mr. Ndongala does not have any criminal history whatsoever.

5.      Mr. Ndongala is present in the United States and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Mr. Ndongala was not previously admitted or paroled into the United States and is subject to mandatory detention without a bond hearing by an Immigration Judge.

6.      Mr. Ndongala requests that the Court order (1) Mr. Ndongala immediately released; and (2) Respondents to request a bond hearing to be conducted by an Immigration Judge if they wish to re-detain Mr. Ndongala.

**REQUIREMENTS OF 28 U.S.C. § 2243 FOR PROMPT PROCESS**

7.      A court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*. (emphasis added).

**LEGAL FRAMEWORK**

8.      Mr. Ndongala cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because Mr. Ndongala does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

9.      Mr. Ndongala cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Mr. Ndongala is

2

not currently "seeking admission" to the United States. *See Romero v. Hyde*, __ F.3d __, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025) (Murphy, J.).

10.     Mr. Ndongala was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Mr. Ndongala cannot "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody.  Mr. Ndongala is not subject to mandatory detention under § 1225 for this reason as well.

11.     Instead, as a person arrested inside the United States and held in civil immigration detention, Mr. Ndongala is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Romero*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

12.     To be sure, when immigration authorities released Mr. Ndongala into the interior of the United States following his entry, they did so pursuant to an Order of Release on Recognizance that explicitly states that he was released pursuant to INA § 236, codified at 8 U.S.C. § 1226. Exhibit 2: Order of Release on Recognizance.

13.     Mr. Ndongala is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

14.     Accordingly, Mr. Ndongala is subject to detention, if at all, under 8 U.S.C. § 1226(a).

15.     As a person detained under 8 U.S.C. § 1226(a), Mr. Ndongala must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe*

3

*v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

16.    However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision that purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Mr. Ndongala. The *Yajure Hurtado* decision represents a dramatic change in long-standing agency interpretation and application of the Immigration and Nationality Act.[1]

17.    By issuance of the *Yajure Hurtado* decision, the responsible administrative agency has predetermined that Mr. Ndongala will be denied a bond hearing.

18.    Mr. Ndongala is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Romero*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging his incarceration . . . or the ongoing deprivation of some other liberty interest'").

19.    In *Guerrero Orellana*, the U.S. District Court for the District of Massachusetts certified a class of noncitizens of which Petitioner is a member. In its Order, the Court declares:

> [T]hat the members of the certified class are not subject to detention under 8 U.S.C. § 1225(b)(2). Defendants' policy of subjecting members of the certified class to detention under 8 U.S.C. § 1225(b)(2)(A) without consideration for bond and a

---

[1] The BIA's reversal and revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024). *See also Elias Escobar v. Hyde*, 2025 WL 2823324, at *3 (D. Mass. October 3, 2025) (rejecting the BIA's reasoning in *Matter of Yajure Hurtado* because, in part, "the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice"*; Chogllo Chafla v. Scott,* 2025 WL 2688541, at *7-8 (D. Me. Sept. 22, 2025) (same).

custody redetermination (i.e., bond) hearing is unlawful and violates the Immigration and Nationality Act and its regulations. The members of the certified class are subject to detention under 8 U.S.C. § 1226(a), including access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges. After joining the class, the member of the certified class shall remain subject to this order notwithstanding any subsequent change in their location, facility of detention, or venue of immigration proceeding.

*Guerrero Orellana et al. v. Moniz et al.*, Case No. 25-cv-12664-PBS (D. Mass.). The aforementioned class includes:

All people who are arrested or detained in Massachusetts, or are detained in a geographical area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court, or who are otherwise subject to the jurisdiction of an Immigration Court located in Massachusetts, where:

(a) the person is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);

(b) for the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States and has not alleged that person was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry;

(c) the person does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);

(d) the person is not subject to post-final order detention under 8 U.S.C. § 1231; and

(e) the person is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

*Id.* As mentioned *supra*, Mr. Ndongala is not precluded by the above terms and is a member of the class as an individual who was released on recognizance into the interior of the United States.

Exhibit 2: Order of Release on Recognizance.

20.     Under *Guerrero Orellana,* Mr. Ndongala is subject to detention under 8 U.S.C. § 1226(a) and merits access to consideration for release on bond.

21.     Nevertheless, upon information and belief, the Chief Judge of the Immigration Court has instructed Immigration Judges not to apply declaratory judgments from the federal court and to continue to apply *Yajure Hurtado*. As such, Mr. Ndongala is likely to be denied access to a bond hearing should he apply before the Immigration Court based on his *Guerrero Orellana* class membership.

22.     Moreover, the Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Mr. Ndongala and any attempt to raise such claims would be futile.  *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

23.     There is no statutory requirement for Mr. Ndongala to exhaust administrative remedies.  *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not require by statute in this context."); *Romero,* 2025 WL 2403827, at *6-8.

24.     Accordingly, there is no requirement for Mr. Ndongala to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

25.     Based on these well-established principles, this Court has specifically rejected the argument that exhaustion is required in a detained noncitizen's challenge to the BIA's decision in *Matter of Yajure Hurtado, supra*:

> a court may hear unexhausted claims in circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."

*Flores Powell v. Chadbourne*, 677 F.Supp.2d 455,463 (D. Mass. 2010) (cleaned up). Such a circumstance "exists when substantial doubt exists about whether the agency is empowered to grant meaningful redress" as well as "when the potential decisionmaker ... can be shown to have predetermined the issue". *Id.*

*Inlago Tocagon v. Moniz,* 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025).

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

27.     Venue is proper because Petitioner is being held in Plymouth, which is in this District. Venue is also proper in this District because Respondents are officers and employees of the United States, Petitioner resides here, a substantial part of the events or omissions giving rise to his claims occurred here, and no real property is at issue. 28 U.S.C. § 1391(e).

## PARTIES

28.     Petitioner Manuel Ndongala is a citizen of Angola. He is currently detained by Respondents at the Plymouth County Correctional Facility in Plymouth, MA. He entered the United States without inspection in approximately April 2023.  Mr. Ndongala fears returning to Angola. Upon information and belief, he was detained by ICE in November 2025. Upon information and belief, Mr. Ndongala has no criminal record whatsoever.

29.     Respondent David T. Wesling is the Acting New England Field Office Director for ICE. He is a legal and physical custodian of Mr. Ndongala and is named in his official capacity.

30.     Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility. He is the physical custodian of Mr. Ndongala and is named in his official

7

capacity.

31.    Respondent Todd Lyons is the Acting Director of ICE. He is a legal custodian of Mr. Ndongala and is named in his official capacity.

32.    Respondent Kristi Noem is the U.S. Secretary of Homeland Security. She is a legal custodian of Mr. Ndongala and is named in her official capacity.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

33.    Mr. Ndongala incorporates by reference the allegations of fact set forth in the preceding paragraphs.

34.    Mr. Ndongala may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

35.    Under § 1226(a) and its associated regulations, Mr. Ndongala is entitled to a bond hearing.  *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

36.    Mr. Ndongala has not been, and will not be, provided with a bond hearing as required by law.

37.    Mr. Ndongala's continuing detention is therefore unlawful.

### COUNT TWO
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

38.    Mr. Ndongala incorporates by reference the allegations of fact set forth in the preceding paragraphs.

39.    Because Mr. Ndongala is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Mr. Ndongala receive a bond hearing with strong procedural protections.  *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at

8

256-57.

40.     Mr. Ndongala has not been, and will not be, provided with a bond hearing as required by law.

41.     Numerous judges comprising the District Court for the District of Massachusetts have considered the applicability of 8 U.S.C. § 1226(a) (rather than Section 1225) in these circumstances, the right of a similarly situated detainee's right to receive a bond hearing, and the soundness of the BIA's position in *Matter of Yajure Hurtado.* These judges have found Section 1226(a) to apply, concluded that access to a bond hearing was required, and, either expressly or implicitly, held the BIA's contrary view to be incorrect and unlawful. *See Rocha v. Hyde,* 2025 WL 2807692, at *2 (D. Mass. Oct. 2, 2025) (Burroughs, J.) ("[a]s Respondents acknowledge in their opposition, "[o]ther sessions of this court, as well as other courts across the country, have determined that 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2), appl[ies] to aliens arrested and detained within the United States, even if such alien meets the definition of an applicant for admission as an alien present in the United States who has not been admitted"); *Mendoza v. Hyde*, C.A. No. 25-12815 (D. Mass. Oct. 1, 2025) (Kobick, J.) (not available in Westlaw)("Mendoza is not an applicant for admission subject to mandatory detention under Section 1225(b). Noncitizens subject to detention under § 1226(a) have the right to request a bond hearing before an Immigration Judge, at which the government bears the burden to prove that continued detention is justified.") (internal quotation marks omitted); *Reynoso Tejada v. Moniz*, C.A. No. 25-12731 (D. Mass. Oct. 1, 2025) (Sorokin, J.) (not available in Westlaw) (granting habeas petition, including rejection of government's argument that petitioner was detained under § 1225); *De Sousa v. Hyde*, C.A. No. 25-12736 (Murphy, J.) (D. Mass. Oct. 1, 2025) (not available in Westlaw) (ordering that "Petitioner receive a bond hearing under 8 U.S.C. s. 1226"); *Inlago Tocagon v. Moniz,* 2025 WL

9

2778023 (D. Mass. 2025) (Joun, J.); *Doe v. Moniz*, 2025 WL 2576819, at *5) (D. Mass. 2025) (Talwani, J.); *Guerrero Orellana v. Moniz,* 2025 WL 2809996 (D. Mass. 2025) (Saris, J.); *Velasco-Luis v. Hyde*, C.A. No. 25-12747 (D. Mass. Oct. 6, 2025) (Stearns, J.) (not available in Westlaw) (adopting rationale of *Guerrero Orellana v. Moniz, supra)*.

42.      Nearly every court nationwide to have considered these issues has come to the same conclusions.  *See Guerrero Orellana v. Moniz, supra,* at *5 (collecting cases).

43.      Mr. Ndongala's continuing detention is therefore unlawful.

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide an Individualized Hearing for Domestic Civil Detention)

44.      Mr. Ndongala incorporates by reference the allegations of fact set forth in the preceding paragraphs.

45.      "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).

46.      The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law."  U.S. CONST. amend. V.

47.      "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the

10

person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

48.     "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

49.     The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing.  *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

50.     Mr. Ndongala was arrested inside the United States and is being held without being provided any individualized detention hearing.

51.     Mr. Ndongala's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process**
**(Substantive Due Process)**

52.     Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

53.     Because Mr. Ndongala is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and

11

danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

54.     Mr. Ndongala's detention is therefore unlawful regardless of what statute might apply to purportedly authorize such detention.

**PRAYER FOR RELIEF**

(1) Wherefore, Petitioner respectfully request this Court to grant the following:

(2) Assume jurisdiction over this matter;

(3) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(4) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(5) Declare that Petitioner's detention is unlawful absent a bond hearing before an Immigration Judge;

(6) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper;

(7) Order that Respondents shall not retaliate against Petitioner in the bond hearing or otherwise for filing this habeas petition;

(8) Order that Respondents do not re-detain Petitioner if he is released, unless they make an individualized showing of changed circumstances;

(9) Award Petitioner's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(10)     Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Daniela Hargus*
Daniela Hargus
BBO# 711041
Political Asylum/Immigration Representation (PAIR) Project
98 N. Washington Street, Suite 106
Boston, MA 02114
(978) 502-7448; dhargus@pairproject.org

*Pro bono counsel for Petitioner*

Dated:  January 17, 2026

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I, Daniela Hargus, declare as follows:

I am an attorney admitted to practice law in the Commonwealth of Massachusetts. Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioners, I am making this verification on their behalf. I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 17, 2026.


*/s/ Daniela Hargus*
Daniela Hargus

14